Appeal No. 2014-1599

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**SOFTVIEW LLC,**
*Appellant,*

v.

**KYOCERA CORPORATION AND MOTOROLA MOBILITY LLC,**
*Appellees,*

**AND**

**MICHELLE K. LEE, DEPUTY UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DEPUTY DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE,**
*Intervenor.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2013-0004 and IPR2013-00257

# BRIEF FOR INTERVENOR—DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE

NATHAN K. KELLEY
Solicitor

JOSEPH MATAL
SCOTT C. WEIDENFELLER
Associate Solicitors

Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
(571) 272-9035

*Attorneys for the Director of the United States Patent and Trademark Office*

October 20, 2014

## TABLE OF CONTENTS

I. STATEMENT OF THE ISSUE ..... 1

II. STATEMENT OF THE CASE ..... 1

A. Statutory and Regulatory Background ..... 1

1. Reexamination: An Examinational Proceeding with a Limited Appellate Role for the Board ..... 2

2. Inter Partes Review: An Adjudicative Proceeding Conducted by the Board ..... 4

B. Facts and Procedural History ..... 7

III. SUMMARY OF THE ARGUMENT ..... 11

IV. ARGUMENT ..... 13

A. Standard of Review ..... 13

B. The New-Grounds-of-Rejection Rule Does Not Apply in Inter Partes Reviews ..... 14

C. The Board Did Not Abuse Its Discretion ..... 18

1. The Board's Trial-Management Decisions Conform with the Statutes and Regulations Governing Inter Partes Review ..... 18

2. Kyocera's Reply Did Not Violate the Rule Against Raising New Issues ..... 20

3. The Board's Actions Did Not Deny SoftView Due Process ..... 22

4. Even if the Board Committed a Procedural Error, SoftView Has Not Shown that It Suffered Any Substantial Injustice or Prejudice ..... 24

V. CONCLUSION ..... 26

# TABLE OF AUTHORITIES

## Cases

*Abbot Labs. v. Brennan*, 952 F.2d 1346 (Fed. Cir. 1992) ....................................25

*Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318 (Fed. Cir. 2013)..........................5, 16

*Auer v. Robbins*, 519 U.S. 452 (1997) ............................................................ 14, 22

*Beach v. Yellow Freight Sys.*, 312 F.3d 391 (8th Cir. 2002) .................................23

*Biedermann, In re*, 733 F.3d 329 (Fed. Cir. 2013) ................................................14

*Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945)..................................14

*Dickinson v. Zurko*, 527 U.S. 150 (1999) ...............................................................13

*Eli Lilly Co. v. Bd. of Regents of the Univ. of Wash.*,
334 F.3d 1264 (Fed. Cir. 2003) ..............................................................................13

*Etter, In re*, 756 F.2d 852 (Fed. Cir. 1985)...............................................................3

*F.D.I.C. v. Suna Assocs., Inc.*, 80 F.3d 681 (2d Cir. 1996) ....................................23

*Geders v. United States*, 425 U.S. 80 (1976).........................................................16

*Jung, In re*, 637 F.3d 1356 (Fed. Cir. 2011) ...........................................................15

*Koch v. Koch Indus., Inc.*, 203 F.3d 1202 (10th Cir. 2000)....................................23

*Kolmes v. World Fibers Corp.*, 107 F.3d 1534 (Fed. Cir. 1997)............................25

*K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364 (Fed. Cir. 2012)............................25

*Lovin, In re*, 652 F.3d 1349 (Fed. Cir. 2011)................................................... 14, 22

*McDaniel, In re*, 293 F.3d 1379 (Fed. Cir. 2002)..................................................13

*National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185 (Fed. Cir. 1996) ......24

*Packard, In re*, 751 F.3d 1307 (Fed. Cir. 2014) ..........................................3, 15

*Sullivan, In re*, 362 F.3d 1324 (Fed. Cir. 2004)................................... 13, 16, 22

*Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005) .........................................22

*Toth v. Grand Trunk R.R.*, 306 F.3d 335 (6th Cir. 2002) ...................................23

*United States v. Hiss*, 185 F.2d 822 (2d Cir. 1950) ..........................................23

*University of W. Va., Bd. of Trustees v. VanVoorhies*,
278 F.3d 1288 (Fed. Cir. 2002) ......................................................................16

*Warner, In re*, 379 F.2d 1011 (CCPA 1967) .......................................................3

**Statutes**

35 U.S.C. § 132..........................................................................................3, 15

35 U.S.C. § 134....................................................................................... 3, 13, 15

35 U.S.C. § 135...................................................................................................4

35 U.S.C. § 313...................................................................................................5

35 U.S.C. § 314..............................................................................................2, 3

35 U.S.C. § 315............................................................................................3, 15

35 U.S.C. § 316(a)(4)....................................................................................5, 17

35 U.S.C. § 316(a)(5)..........................................................................................6

35 U.S.C. § 316(a)(8)....................................................................................6, 18

35 U.S.C. § 316(a)(11)............................................................................ 6, 12, 16

35 U.S.C. § 316(a)(13)........................................................................................6

35 U.S.C. § 316(b) ..........16

35 U.S.C. § 316(c) .......... 4, 12, 16

35 U.S.C. § 316(e) .......... 5, 12, 15

35 U.S.C. § 318 .......... 10, 12, 26

35 U.S.C. §§ 301-307 ..........2

35 U.S.C. §§ 311-319 ..........4

35 U.S.C. §§ 321-329 ..........4

5 U.S.C. § 706 .......... 11, 13

**Rules**

37 C.F.R. § 1.515 ..........2

37 C.F.R. § 1.525(a) ..........2

37 C.F.R. § 1.550(a) ..........2

37 C.F.R. § 1.550(b) ..........3

37 C.F.R. § 1.923 ..........2

37 C.F.R. § 1.931 ..........2

37 C.F.R. § 1.937(b) ..........2, 3

37 C.F.R. § 1.945 ..........3

37 C.F.R. § 1.948 ..........3

37 C.F.R. § 41.3 ..........13

37 C.F.R. § 41.30 ..........14

37 C.F.R. § 41.31(a) ........ 3, 14

37 C.F.R. § 41.50 ........ 3, 14

37 C.F.R. § 41.61(a)(2) ........ 3

37 C.F.R. § 41.77(a) ........ 3

37 C.F.R. § 42.20(d) ........ 5, 20

37 C.F.R. § 42.23 ........ 6, 8, 19, 20, 21, 22

37 C.F.R. § 42.5 ........ 5, 17

37 C.F.R. § 42.62(a) ........ 7

37 C.F.R. § 42.100(c) ........ 7, 16

37 C.F.R. § 42.104(b)(3) ........ 19

37 C.F.R. § 42.120 ........ 6, 19

**Other Authorities**

157 CONG. REC. S1376 (daily ed. Mar. 8, 2011) ........ 17

77 Fed. Reg. 48,756 ........ 21

77 Fed. Reg. 48,756, 48,757 (Aug. 14, 2012) ........ 7

77 Fed. Reg. at 48,757-58 ........ 19

77 Fed. Reg. at 48,767 ........ 20

PUB. L. NO. 112-29 (2011) ........ 1

PUB. L. NO. 112-29, § 18 (2011) ........ 4

PUB. L. NO. 112-29, § 6(a) (2011) ........ 4

PUB. L. NO. 112-29, § 6(c)(3)(C) (2011) ........ 2

H.R. REP. NO. 112-98, at 46-47 (2011) ........................................................................5, 16

## STATEMENT OF RELATED CASES

The Director of the United States Patent and Trademark Office ("Director" and "USPTO") adopts by reference SoftView LLC (SoftView)'s statement of related cases. The Director is not aware of any other appeal in connection with this proceeding that has previously been before this or any other court, or of any other case pending in this or any other court that will directly affect or be directly affected by this Court's decision in this appeal. This brief is substantively identical to that filed by the Director in Appeal No. 2014-1600.

## I. STATEMENT OF THE ISSUE

The Director has intervened in this case for the limited purpose of addressing SoftView's procedural challenges to the Patent Trial and Appeal Board ("Board")'s management of this inter partes review. Br. at 81-85.[1] SoftView contends that the Board violated SoftView's procedural rights by admitting particular rebuttal evidence and arguments, by rejecting SoftView's motion to strike the reply of appellees Kyocera Corporation and Motorola Mobility, Inc. ("Kyocera"), and by refusing to allow SoftView to file a surreply.

The issue addressed by the Director on this appeal is whether the Board abused its discretion by implementing the presumptive briefing schedule prescribed by the Patent Act and its implementing regulations, in the absence of any showing of a substantial injustice.

## II. STATEMENT OF THE CASE

### A. Statutory and Regulatory Background

This appeal is one of the first to review the Board's final written decision in an inter partes review, a new proceeding authorized by the America Invents Act. PUB. L. NO. 112-29 (2011) ("AIA"). It raises questions of first (or at least, early) impression regarding this Court's standard for review of the Board's trial-

[1] Throughout this brief, pages of the Joint Appendix are cited as "A__," and pages of SoftView's opening brief are cited as "Br."

management decisions in an inter partes review. Because the Director contends that the relevant statute and regulations, and the nature of the Board's role in an inter partes review, compel a different review standard than that which governs reexamination, a brief overview of the differences between the old and new proceedings is in order.

### 1. Reexamination: An Examinational Proceeding with a Limited Appellate Role for the Board

Reexamination, which was created by Congress 35 years ago, is "conducted according to the procedures established for initial examination under the provisions of section 132 and 133 [of the Patent Act.]" 35 U.S.C. §§ 305 and 314 (as in effect prior to September 16, 2012).[2] An examiner determines whether to order a reexamination, *see* 37 C.F.R. §§ 1.923, 1.515, and, if a reexamination is ordered, the examiner conducts the reexamination. *Id.* §§ 1.931, 1.937(b), 1.525(a), 1.550(a).

Because reexamination is conducted under the same rules that "govern[]

[2] *See generally* 35 U.S.C. §§ 301-307 (ex parte reexamination); *id.* §§ 311-318 (as in effect prior to September 16, 2012) (inter partes reexamination); PUB. L. NO. 112-29, § 6(c)(3)(C) (2011) (preserving inter partes reexamination for requests filed before September 16, 2012). Reexaminations are conducted pursuant to regulations in Part 1 of the patent regulations, *see* 37 C.F.R. §§ 1.501-1.570 (Subpart D) (ex parte reexamination); *id.* §§ 1.902-1.997 (Subpart H) (inter partes reexamination), and are appealed to the Board pursuant to Part 41 of the regulations. *See id.* §§ 41.30-41.54 (Subpart B) (ex parte appeals); *id.* §§ 41.60-41.81 (Subpart C) (inter partes appeals).

the application examination process," *id.* § 1.937(b), "[t]he focus of the limited proceedings . . . returns essentially to that present in an initial examination." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Therefore, as in examination of applications, "the initial burden falls on the PTO examiner to set forth the basis for any rejection." *In re Packard*, 751 F.3d 1307, 1312 (Fed. Cir. 2014); *In re Warner*, 379 F.2d 1011, 1016 (CCPA 1967). The USPTO must satisfy its initial burden by providing the patent owner with such information "as may be useful in judging the propriety of continuing [the reexamination]." 35 U.S.C. § 132(a).

If the Examiner issues a rejection, the patent owner is given at least 30 days to respond. *See* 37 C.F.R. §§ 1.550(b), 1.945. In addition, in an inter partes reexamination, the third party who requested the reexamination may reply to the patent owner's response to the rejection. *See* 35 U.S.C. § 314(b)(2); 37 C.F.R. § 1.948. Neither the Patent Act nor the regulations authorize discovery in reexaminations.

Finally, in reexaminations, the Board exercises only a limited appellate review of "the decision of the examiner." 37 C.F.R. § 41.31(a)(2)&)(3); *see also id.* § 41.61(a)(2); 35 U.S.C. § 134 (as in effect prior to September 16, 2012); *id.* § 315 (as in effect prior to September 16, 2012). The Board may "affirm or reverse the decision of the examiner," 37 C.F.R. § 41.50; *id.* § 41.77(a), or may enter a new ground of rejection. *See id.* §§ 41.50(b),

41.77(b). If the Board enters a new ground of rejection, the patent owner may choose to either reopen prosecution or request rehearing by the Board with respect to the new ground of rejection. *See id.* §§ 41.50(b), 41.77(b). Finally, in a reexamination, the parties' briefs to the Board may not include "any new or non-admitted affidavit or other evidence." *Id.* §§ 41.37(c)(2), 41.41(b)(1), 41.67(c)(2), 41.68(b)(2), 41.71(b)(2)&(c)(4).

### 2. Inter Partes Review: An Adjudicative Proceeding Conducted by the Board

Inter partes review was created by the AIA's amendments to Chapter 31 of title 35, United States Code, which formerly governed inter partes reexamination. *See* PUB. L. NO. 112-29, § 6(a) (2011).[3] The AIA charges the "Patent Trial and Appeal Board . . . [with] conduct[ing] each inter partes review," 35 U.S.C. § 316(c)—the proceedings are not conducted by an examiner. Further, in an inter partes review, "the petitioner [has] the burden of

[3] *See generally* 35 U.S.C. §§ 311-319 (inter partes review); *see also id.* §§ 321-329 (post-grant review); *id.* § 135 (derivation proceedings). Inter partes review, post-grant review, and derivation proceedings—the new trials authorized by the AIA—are all conducted pursuant to regulations at Subpart A of Part 42 of the patent regulations. *See* 37 C.F.R. §§ 42.1-42.14. Additional subparts provide rules specific to each of these three proceedings. *See id.* §§ 42.100-42.123 (Subpart B) (inter partes review); *id.* §§ 42.200-42.224 (Subpart C) (post-grant review); *id.* §§ 42.400-42.412 (Subpart E) (derivation proceedings). Subpart D provides rules implementing a temporary program for review of business-method patents, which is authorized by an uncodified section of the AIA and generally follows the procedures for post-grant review. *See id.* §§ 42.300-42.304; PUB. L. NO. 112-29, § 18 (2011).

proving a proposition of unpatentability by a preponderance of the evidence." *Id.* § 316(e). Collectively, these AIA amendments "convert inter partes reexamination from an examinational to an adjudicative proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) (*quoting* H.R. REP. NO. 112-98, at 46-47 (2011)).

The AIA also gives the Director broad authority to "prescribe regulations . . . establishing and governing inter partes review." 35 U.S.C. § 316(a)(4). The Director has promulgated regulations that confirm the Board's authority to manage the new proceedings. The Board "may enter non-final orders to administer [a] proceeding," 37 C.F.R. § 42.5(a), "may determine a proper course of conduct . . . for any situation not specifically covered by [the regulations]," *id.*, and may, as appropriate, "waive or suspend" a requirement of the regulations. *Id.* § 42.5(b). In addition, "[t]he Board may order briefing on any issue involved in the trial." *Id.* § 42.20(d).

Beyond its broad grant of authority over the proceeding generally, the AIA also requires the Director to implement particular procedures. The patent owner must be allowed to file a preliminary response to a petition for review. *See* 35 U.S.C. § 313. If review is nevertheless instituted, the patent owner is then allowed to file "a response to the petition," which must include "any additional factual evidence and expert opinion on which the patent owner relies

in support of the response." *Id.* § 316(a)(8). The AIA also requires that the petitioner be provided "at least 1 opportunity to file written comments within a time period established by the Director." *Id.* § 316(a)(13). The parties are allowed limited "discovery of relevant evidence," including "deposition of witnesses submitting affidavits or declarations." *Id.* § 316(a)(5). And the AIA requires the Board, with limited exceptions, to complete all inter partes reviews within one year. *Id.* § 316(a)(11).

The Director has implemented these requirements through regulations and guidance that coordinate patent-owner and petitioner filings and discovery. The patent owner may file a response after review is instituted, which is subject to the same 60-page limit as the petition for review. *See* 37 C.F.R. §§ 42.120(a), 42.24(a)(1)(i)&(b)(2). The petitioner may then file a reply of 15 pages, *id.* §§ 42.23(a), 42.24(c)(1), which "may only respond to arguments raised in the corresponding . . . patent owner response." *Id.* § 42.23(b). The regulations contemplate that these papers will be filed according to a schedule set by the Board, though a default time of three months after institution is set for the patent owner response. *See id.* § 42.120(b).

The USPTO's Office Patent Trial Practice Guide likewise provides a default time of three months after the patent owner response is filed for the petitioner to submit a reply. *USPTO Patent Trial Practice Guide*, 77 Fed. Reg.

48,756, 48,757 (Aug. 14, 2012) ("Practice Guide"). The Practice Guide indicates that discovery will also be governed by the Board's scheduling order, and "will proceed in a sequenced fashion." *Id.* In a typical case, for example, "the patent owner may begin deposing the petitioner's declarants once the proceeding is instituted." *Id.* "After the patent owner has filed a patent owner response and any motion to amend the claims, the petitioner may depose the patent owner's declarants." *Id.* The goal of sequenced discovery is to "allow[] parties to conduct meaningful discovery before they are required to submit their respective motions and oppositions during the trial." *Id.* at 48,761. This process ensures that discovery "is focused on what the parties reasonably need to respond to the grounds raised by an opponent," and "the scope of the trial continually narrows." *Id.*

Finally, the regulations provide that the Federal Rules of Evidence will apply to inter partes review, 37 C.F.R. § 42.62(a) —and mandate that review proceedings "shall be administered such that pendency before the Board after institution is normally no more than one year." *Id.* § 42.100(c).

### B. Facts and Procedural History

Kyocera filed petitions for inter partes review of two patents owned by

SoftView on October 2, 2012.[4] A108-A171; A526-592. The Board instituted review on both petitions on March 29, 2013. A175-214; A596-638. SoftView filed responses to the petitions on July 19, 2013 (A215-285; A639-707), and Kyocera filed replies on September 23, 2013. A286-311; A708-733.

SoftView subsequently filed several motions objecting to evidence submitted by Kyocera, objecting to Kyocera's allegedly belated claim construction of the "preserving" limitation, seeking to exclude Kyocera's reply, and requesting permission to file a surreply. A312-331; A363-376; A377-395; A734-753; A774-789; A790-808. The Board denied some of SoftView's motions in an interim order entered on October 8, 2013 (A332-338; A754-760), and denied the remainder in its final written decision issued on March 27, 2014. A33-36; A69-72.

In its interim order, the Board noted that the regulations governing inter partes review provide that a petitioner's reply may only be drawn to issues raised in the patent owner's response. A756 (citing 37 C.F.R. § 42.23). The Board deferred consideration of whether to strike Kyocera's reply, stating that "[a]fter due consideration of [SoftView's] Response, the Board will decide

[4] U.S. Patent No. 7,831,926 B2, and U.S. Patent No. 7,461,353 B2. The two patents are siblings to each other, and each paper that was filed by a party or the Board in one proceeding appears to be accompanied by a substantively identical paper filed on the same day in the other inter partes review.

whether [the] Reply improperly raises new issues or introduces new evidence." A756.

The Board denied SoftView's request to file a surreply, noting that "[t]he rules do not provide for a surreply." A756. The Board further explained that if it ultimately found that Kyocera's reply "is not responsive to [SoftView's] Response and raises new issues or introduces new evidence, the Board will not consider [Kyocera's] Reply"—in which case "there will be no need for a surreply." A756.

Finally, the Board's interim order noted that, based on issues raised in SoftView's response and Kyocera's reply and discussed in a subsequent conference call with the parties, "the Board understands that a new claim construction issue has arisen in this case." A758. The Board explained:

> [Kyocera] asserted that [SoftView's] arguments regarding [the claim limitation] "preserving the original layout, functionality, and design" imply a significant departure from the position taken [during] prosecution and thus, the term should be construed as [Kyocera] argues in [its] Reply. [SoftView] responded that it did not attempt to construe the "preserving" limitation in the Patent Owner Response and that the limitation should be accorded its ordinary meaning.

A758.

To "clarify the parties' position on this issue," the Board ordered Kyocera and SoftView to each submit a five-page brief "addressing only how the term 'preserving the original layout, functionality, and design' should be construed

using the broadest reasonable construction applicable in an *inter partes* review." A759. Kyocera and SoftView submitted such briefs on October 18, 2013. A339-360; A761-773.

In its final written decision, the Board concluded that Kyocera had met its burden of proving that all of the challenged claims are unpatentable. A36; A72. The Board also rejected SoftView's objection to Kyocera's construction of the "preserving" limitation, and denied SoftView's motions to exclude Kyocera's reply and a declaration of Dr. Jack D. Grimes ("Grimes reply declaration").[5] A33-36; A69-72.

The Board began by reiterating that "[a] petitioner reply to a patent owner response may address only issues raised in the corresponding opposition." A34; A70. The Board explained that

> [i]n this case, the Patent Owner Response raised several substantive issues that were not raised in the Petition. These included the proper construction of the preserving limitation and non-obviousness based on objective criteria of commercial success, both of which we have discussed extensively.

A34; A70.

The Board concluded that

[5] The Board also addressed SoftView's objections to, and motions to exclude, a variety of other evidence. For clarity's sake, because SoftView's brief in this Court addresses only the Kyocera reply, the claim construction, and the Grimes reply declaration, the Director's discussion of the final written decision also is limited to only those three items.

> [Kyocera] was entitled to rebut [SoftView's] arguments concerning the construction of the preserving limitation and the objective criteria of non-obviousness. We agree with [Kyocera] that Dr. Grimes' [reply] declaration (Ex. 1030) was drawn to issues raised in the Patent Owner Response that Kyocera could not have addressed in the Petition.[6] In addition, the Board provided the parties an opportunity for additional claim construction briefing. Thus, the parties were afforded another opportunity to respond to each other concerning the construction of the preserving limitation.

A34; A70.

This appeal followed.

## III. SUMMARY OF THE ARGUMENT

The Board's decisions to admit or exclude evidence or arguments in an inter partes review are reviewed under the appropriate APA standard. 5 U.S.C. § 706(2)(A). The new-grounds-of-rejection rule, and other rules governing examination, do not apply of their own force to inter partes review, and are inconsistent with the structure of the new proceeding; SoftView's reliance on

[6] Three different Grimes declarations appear in the record of this appeal. The first was included with Kyocera's petition for review (A4566-4611 ("Grimes declaration")); SoftView has not challenged its introduction. SoftView did object before the Board to the second and third declarations, one of which accompanied Kyocera's reply (A6648-6741) ("Grimes reply declaration"), and the other of which was filed in reply to SoftView's objection to the Grimes reply declaration. A8020-8035 ("Grimes supplemental reply declaration"). The Board's final written decision refers to the Grimes reply declaration as the "Grimes declaration" or "Exhibit 1030," and to the Grimes supplemental reply declaration as the "Grimes Supplemental Declaration" or "Exhibit 1052." Because SoftView's brief in this Court only addresses the second Grimes declaration, and refers to it as the "Grimes reply declaration," *see, e.g.*, Br. at 81, this brief does so as well.

them is inappropriate. The new-grounds rule preserves the rejection-and-response structure of examination, in which the USPTO bears the burden of initial proof. In an inter partes review, by contrast, it is the petitioner who bears the burden of proof. 35 U.S.C. § 316(e). The Board's role in an inter partes review is not to hear appeals from an examiner's rejections, but rather to conduct and manage the proceeding, and decide whether the petitioner has met his burden of proof. *Id.* §§ 316(c), 318(a). That role—and the statutory one-year deadline for completing proceedings, *id.* § 316(a)(11) —are incompatible with the examinational model and the rejection-and-response system enforced by the new-grounds rule.

The Board did not abuse its discretion in this case. The AIA and its implementing regulations prescribe the very order of patent owner response and petitioner reply that was allowed in this case. Those rules also authorize post-institution discovery—and thus implicitly contemplate the use of additional evidence in post-institution responses and replies, as occurred here. This Court should defer to the Board's judgment as to whether evidence should be excluded because it could have been used earlier. Finally, even if SoftView could demonstrate procedural error, it makes no showing that it suffered any substantial injustice or prejudice as a result of the Board's trial-management decisions.

## IV. ARGUMENT

### A. Standard of Review

"This [C]ourt reviews Board decisions using the standard set forth in the Administrative Procedure Act, 5 U.S.C. § 706." *In re Sullivan*, 362 F.3d 1324, 1326 (Fed. Cir. 2004) (citing *Dickinson v. Zurko*, 527 U.S. 150, 154 (1999)). Under 5 U.S.C. § 706(2)(A), this Court only overturns Board decisions if they "are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Sullivan*, 362 F.3d at 1326 (citing *In re McDaniel*, 293 F.3d 1379, 1382 (Fed. Cir. 2002)). In patent interference proceedings, this Court reviews Board decisions "for abuse of discretion," *id.* (citing *Eli Lilly Co. v. Bd. of Regents of the Univ. of Wash.*, 334 F.3d 1264, 1266 (Fed. Cir. 2003)), and it should likewise do so for inter partes reviews, which also are contested cases. *See* 37 C.F.R. § 41.3 ("*Contested case* means a Board proceeding other than an appeal under 35 U.S.C. 134 or a petition under [37 C.F.R.] § 41.3."); *id.* § 42.2 ("*Trial* means a contested case instituted by the Board based upon a petition. . . . The term trial specifically includes . . . an *inter partes* review under Chapter 31 of title 35, United States Code . . . ."). Finally, this Court accepts the Board's interpretation of USPTO regulations unless that interpretation is "plainly erroneous or inconsistent with the regulation." *Sullivan*, 362 F.3d at 1326 (quoting *Eli Lilly*, 334 F.3d at 1266); *see also Auer v. Robbins*, 519 U.S. 452,

461-62 (1997); *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945); *In re Lovin*, 652 F.3d 1349, 1353 (Fed. Cir. 2011).

### B. The New-Grounds-of-Rejection Rule Does Not Apply in Inter Partes Reviews

SoftView argues that by admitting Kyocera's reply and the Grimes reply declaration, and refusing to allow SoftView to file a surreply, the Board improperly entered a new ground of rejection. SoftView cites *In re Biedermann*, 733 F.3d 329 (Fed. Cir. 2013), and its application of 37 C.F.R. § 41.50(b), the rule governing new grounds of rejection in ex parte appeals. Br. at 82.

There are several reasons why the new-grounds-of-rejection rule does not apply to an inter partes review. First, by their own terms, neither § 41.50(b), nor § 41.77(b), the parallel new-grounds rule for inter partes reexamination, applies to inter partes reviews. Those sections apply only to examination and reexamination. *See* 37 C.F.R. §§ 41.30, 41.31(a) (limiting appeals under Subpart B of Part 41 to patent applicants and owners of patents undergoing ex parte reexamination); *id.* §§ 41.60, 41.61(a)(1) (limiting appeals under Subpart C of Part 41 to patent owners and third-party requesters in inter partes reexaminations). Subparts A and B of Part 42—the subparts of title 37 of the Code of Federal Regulations that govern the new AIA proceedings and inter partes review—do not include a new-grounds-of-rejection rule.

Moreover, examination's new-grounds-of-rejection rule is incompatible with the trial-like structure of inter partes review. In the examinational model, "the initial burden falls on the PTO examiner to set forth the basis of any rejection." *Packard*, 751 F.3d at 1312. The rejection must provide the patent owner with such information "as may be useful in judging of the propriety of continuing" the reexamination, 35 U.S.C. § 132(a)—it must "satisf[y] [the USPTO's] initial burden of production by adequately explaining the shortcomings [the Examiner] perceives so that the [patent owner] is properly notified and able to respond." *In re Jung*, 637 F.3d 1356, 1362 (Fed. Cir. 2011) (citation omitted). The Board's role is limited to appellate review of the Examiner's decision. *See* 37 C.F.R. §§ 41.31(a), 41.61(a); 35 U.S.C. §§ 134, 315 (as in effect prior to September 16, 2012). The new-grounds rule thus cabins the Board to its appellate role, and preserves the rejection-and-response process of examination: it ensures that the patent owner is given notice why the USPTO believes his claims are unpatentable and is allowed to respond—and return to examination if desired.

Inter partes review, by contrast, involves neither examiners nor rejections—and it is *the petitioner* who bears the burden of showing invalidity by a preponderance of the evidence. *See* 35 U.S.C. § 316(e). The Board itself weighs the evidence, and determines whether the petitioner has met his burden

of proof. *See id.* §§ 316(c), 318(a). These structural changes are what "converts [Chapter 31] from an examinational to an adjudicative proceeding." *Abbott Labs.*, 710 F.3d at 1326 (*quoting* H.R. REP. NO. 112-98, at 46-47 (2011)).

Inter partes review is not an examinational system—it is not based on rejections and responses. Indeed, the process of repeated rejections and responses (or reopening prosecution) that the new-grounds rule is designed to preserve would make it virtually impossible to comply with the statutory mandate that an inter partes review be completed in one year. *See* 35 U.S.C. §§ 316(a)(11), 316(b); 37 C.F.R. § 42.100(c). Rather, inter partes review is a trial-like proceeding. The Board's decisions to admit or exclude evidence or additional filings in such a proceeding therefore are reviewed as they are in other USPTO contested proceedings—for an abuse of discretion. *See Sullivan*, 362 F.3d at 1326.[7]

---

[7] This standard is consistent with the standard of review for similar determinations made by trial courts. *See Geders v. United States*, 425 U.S. 80, 86 (1976) ("The trial judge must meet situations as they arise and to do this, must have broad power to cope with the complexities and contingencies inherent in the adversary process. To this end, he may determine generally the order in which parties will adduce proof; his determination will be reviewed only for abuse of discretion."); *University of W. Va., Bd. of Trustees v. VanVoorhies*, 278 F.3d 1288, 1303 (Fed. Cir. 2002) ("This [C]ourt defers to the judgment of the trial court on matters closely associated with the standard functions of the adjudicative process, as long as that judgment is not an abuse of the trial court's discretion.").

Finally, deferential review of the Board's trial-management decisions is consistent with the AIA's broad grant of authority to the Director to prescribe regulations "establishing and governing" inter partes review, 35 U.S.C. § 316(a)(4), and those regulations' grant of authority to the Board to "administer the proceeding" and otherwise "determine a proper course of conduct," 37 C.F.R. § 42.5(a)—including waiving or suspending a requirement of the regulations as appropriate. *See id.* § 42.5(b).[8]

For all these reasons, the Board's trial-management decisions should be reviewed for an abuse of discretion, rather than for compliance with the rules governing examination.

---

[8] The inference that the AIA's general grants of authority give the USPTO broad discretion to manage inter partes reviews, and allow the new proceeding to avoid application of examinational rules such as the new-grounds rule, is confirmed by congressional commentary on the AIA during the debates on its passage. As one member noted with respect to the AIA's amendments authorizing inter partes and post-grant review:

> Sections 316 and 326 . . . clearly allow petitioners to obtain some discovery and to have an oral hearing. Obviously, it would make no sense to do so if petitioners were not also allowed to submit written arguments. The bill conforms to the Office's preference, however, that it be given discretion in determining the procedures for written responses and other filings, in order to avoid the formalism of current chapter 31, which adds substantially to the delays in that proceeding.

157 CONG. REC. S1376 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl).

### C. The Board Did Not Abuse Its Discretion

SoftView challenges the Board's decisions to admit Kyocera's Reply, the Grimes Reply Declaration, and Kyocera's claim-construction arguments, and its refusal to allow SoftView to file a surreply. Br. at 81-85. Essentially, SoftView argues that it should have been allowed to have the last word in this inter partes review. There is no rule, however—regulatory, statutory, or constitutional—that requires that the patent owner be allowed to make the final arguments in this trial-like proceeding. Nor is the kind of appellate policing of trial-management decisions that SoftView seeks either practical or consistent with the Board's duty to manage the proceeding. Rather, because SoftView was given the opportunity to present its evidence and arguments, and Kyocera did not raise new issues in its final reply, this Court should conclude that the Board did not abuse its discretion in administering this inter partes review.

#### 1. The Board's Trial-Management Decisions Conform with the Statutes and Regulations Governing Inter Partes Review

The order of presentation prescribed by the Board in this case is entirely consistent with the statute and regulations governing inter partes review. The AIA provides that, after institution of review, the patent owner and petitioner will be allowed to file a response to the petition and written comments, respectively. *See* 35 U.S.C. § 316(a)(8)&(13). The Director has implemented those requirements by authorizing the patent owner to file a post-institution

response, *see* 37 C.F.R. § 42.120, which is followed by the petitioner's reply. *See id.* § 42.23. That is exactly what occurred in this case. A215-285; A639-707 (patent owner response); A286-311; A708-733 (petitioner reply). SoftView complains that it was not permitted to file a surreply to Kyocera's reply, Br. at 82, but neither the AIA nor its implementing regulations authorize such a surreply in an inter partes review.

SoftView complains that additional evidence, including a declaration, was included with Kyocera's reply. Br. at 81-84. The Practice Guide, however, expressly contemplates the use of such evidence, providing, for example, that "after the petitioner has filed a reply to the patent owner's response . . . , the patent owner may depose the petitioner's declarants." 77 Fed. Reg. at 48,757-58. SoftView can cite nothing in the statute or regulations that precludes a party from including additional evidence with its post-institution response or reply.

Similarly unavailing is SoftView's objection to the Kyocera reply's construction of the "preserving" limitation. Br. at 84-85. SoftView correctly notes that the regulations require that a petition for inter partes review set forth "[h]ow the challenged claim is to be construed." 37 C.F.R. § 42.104(b)(3). But the Board found that the meaning of the "preserving" limitation was a "new" issue that arose in the course of post-institution briefing, A758—a characterization that SoftView does not contest. Nothing in § 42.104(b)(3) or in

any other provision of the regulations precludes the parties from addressing new claim construction issues as they arise—something that will inevitably occur in some cases. In this case, the Board ordered both parties to submit additional briefing on the "preserving" limitation. A758. Additional briefing—on any issue—is expressly authorized by the regulations. *See* 37 C.F.R. § 42.20(d).

### 2. Kyocera's Reply Did Not Violate the Rule Against Raising New Issues

SoftView complains that the Grimes Reply Declaration, which was submitted with Kyocera's reply, opined for the first time on the Zaurus reference and a motivation to combine it with other prior art. Br. at 81-82. SoftView contends that this evidence should have been excluded because it *could have been* included with Kyocera's petition for review. Br. at 82, 83.

The relevant limitation on a petitioner's reply is at § 42.23, which provides that "[a] reply may only respond to arguments raised in the corresponding . . . patent owner response." 37 C.F.R. § 42.23(b). The Practice Guide quotes this rule and elaborates that "a reply that raises a new issue or belatedly presents evidence will not be considered and may be returned." 77 Fed. Reg. at 48,767. The Practice Guide also states:

> Examples of indications that a new issue has been raised in a reply include new evidence necessary to make out a prima facie case for the patentability or unpatentability of an original or proposed substitute claim, and new evidence that could have been presented in a prior filing.

*Id.*

SoftView specifically objects to Kyocera's reliance on the Grimes reply declaration because of its discussion of the Zaurus reference and a motivation to combine Zaurus with the Hara reference. Br. at 81-82, 84. Section 42.23(b) limits Kyocera's reply to "arguments raised in [Softview's] corresponding . . . patent owner response." 37 C.F.R. § 42.23(b). A cursory review of SoftView's corresponding response discloses that it extensively addresses the Zaurus reference, and that it expressly argues that there is no motivation to combine Zaurus with Hara and other prior-art references. A216; A250-270; A640; A671-A692. Kyocera's reply did not violate § 42.23(b).

SoftView cites a "rule" that SoftView's reply cannot cite "new evidence that could have been presented in a prior filing." Br. at 83. What SoftView quotes, however, is the Practice Guide, not the regulations. The Practice Guide is "intended to advise the public on the general framework of the rules, including the structure and times for taking action in each of the new proceedings." 77 Fed. Reg. 48,756. The Practice Guide does not supplant or amend the regulations themselves. Moreover, the Practice Guide itself cites the fact that evidence could have been presented earlier as only providing an "indication" that a new argument has been raised. It does not purport to announce a firm rule. And finally, this Court defers the USPTO's interpretation

and application of its own rules. *See Sullivan*, 362 F.3d at 1326; *see also Auer*, 519 U.S. at 461-62; *Seminole Rock & Sand*, 325 U.S. at 414; *Lovin*, 652 F.3d at 1353. It should likewise defer to the Board's application of "indications" suggested by USPTO "guidance" where, as here, there was no violation of the actual regulations.

In this case, the Board found that "the Patent Owner Response raised several substantive issues that were not raised in the Petition." A34; A70. It concluded that the "Grimes[] [reply] declaration (Ex. 1030) was drawn to issues raised in the Patent Owner Response that Kyocera could not have addressed in the Petition." A34; A70. SoftView fails to articulate why it believes that the Board's findings are erroneous—much less show that the Board abused its discretion by concluding that Kyocera's reply was "respon[sive] to arguments raised in the corresponding . . . patent owner response." 37 C.F.R. § 42.23(b).

**3. The Board's Actions Did Not Deny SoftView Due Process**

SoftView broadly alleges that the Board's decision to admit Kyocera's reply and rebuttal evidence violated SoftView's due-process rights. Br. at 81-84. SoftView's argument is without merit. It is well established that "[w]hen a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005). Moreover, "[p]ermitting a party to present additional evidence on

rebuttal depends upon the circumstances of the case and rests within the discretion of the trial judges." *Beach v. Yellow Freight Sys.*, 312 F.3d 391, 398 (8th Cir. 2002) (citation omitted); *see also F.D.I.C. v. Suna Assocs., Inc.*, 80 F.3d 681, 688 (2d Cir. 1996) ("Whether certain testimony should have been received in rebuttal is a 'matter so clearly within the discretion of the judge that we think no more need be said.'") (*quoting United States v. Hiss*, 185 F.2d 822, 832 (2d Cir. 1950)). The Board did not abuse its discretion or violate SoftView's due-process rights by allowing Kyocera to respond to arguments made in SoftView's response.

Even if—contrary to the Board's findings—Kyocera *could have* introduced the disputed evidence with its petition, the Board's refusal to exclude Kyocera's reply and evidence does not amount to a denial of due process. Courts of appeals have expressly rejected the notion that a trial court must exclude rebuttal evidence simply because it could have been admitted earlier. *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 347 (6th Cir. 2002) ("[Whether] the rebuttal testimony . . . could have been offered in the case-in-chief . . . . is irrelevant, as long as the rebuttal is offered to refute new evidence in the defendant's case in chief."); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000) ("Where the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the

plaintiff's case-in-chief does not preclude its admission in rebuttal.") (citation omitted).

#### 4. Even if the Board Committed a Procedural Error, SoftView Has Not Shown that It Suffered Any Substantial Injustice or Prejudice

Finally, this and other courts have consistently held that a trial court's decision to admit or exclude rebuttal evidence will be reversed for an abuse of discretion only if the decision resulted in a substantial injustice or prejudiced the substantial rights of the opposing party. "Appellate review of evidentiary rulings is extremely restricted; it must be shown that there was manifest error, such as a reasonable likelihood that the improper exclusion of evidence prejudiced the outcome." *National Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996). "[Appellant] must show an abuse of discretion by the district court in excluding the challenged evidence and that such ruling

prejudiced its substantial rights and thus was not harmless error." *Kolmes v. World Fibers Corp.*, 107 F.3d 1534, 1542 (Fed. Cir. 1997).[9]

SoftView makes no such showing. It suggests that it was prejudiced because the Board's final written decision relied on evidence that Kyocera submitted in its reply. Br. at 84. The terms "prejudice" and "substantial injustice," however, imply not just that SoftView lost its case, but that the Board made an error that is reasonably likely to have prejudiced the outcome. SoftView not only fails to demonstrate procedural error; it makes no effort to show that the Board's reliance on the Grimes reply declaration led to the wrong result.

SoftView also contends that it was prejudiced by Kyocera's late construction of the "preserving" limitation, because it could have amended its claims or submitted arguments for patentability based on Kyocera's claim construction. Br. at 85. SoftView cites no indication in the record, however,

---

[9] *See also K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1373-74 (Fed. Cir. 2012) ("[A] trial court's [evidentiary] decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. Even if that standard is met, we will set aside a jury verdict only if the error prejudicially affects a substantial right of a party.") (citation omitted) (applying Tenth Circuit law); *Abbot Labs. v. Brennan*, 952 F.2d 1346, 1351 (Fed. Cir. 1992) ("[N]o error in the admission or exclusion of evidence is ground for reversal or granting a new trial unless refusal to take such action appears to the court to be inconsistent with substantial justice.") (applying Sixth Circuit law).

that it ever sought to amend its claims before the Board. And it makes no showing that it could have proved (presumably, via its disallowed surreply) that the challenged claims are patentable under the new construction. SoftView fails to show that the Board's trial-management decisions resulted in any substantial injustice or prejudice.

## V. CONCLUSION

For the foregoing reasons, this Court should affirm the Board's final written decision under 35 U.S.C. § 318(a) with respect to the Board's rejection of SoftView's motion to exclude Kyocera's reply, the Grimes reply declaration, and the claim construction, and the Board's refusal to allow SoftView to file a surreply.

Respectfully submitted,

October 20, 2014

/s/Joseph Matal

NATHAN K. KELLEY
Solicitor

JOSEPH MATAL
SCOTT C. WEIDENFELLER
Associate Solicitors

Mail Stop 8
P.O. Box 1450
Alexandria, Virginia 22313-1450

*Attorneys for the Director of the United States Patent and Trademark Office*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2014, I electronically filed the foregoing BRIEF FOR APPELLEE—DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE using the Court's CM/ECF filing system. Counsel for appellant and appellee were electronically served by and through the Court's CM/EMF filing system per Fed. R. App. 25 and Fed. Cir. R. 25(a) and 25(b).

/s/ Joseph Matal
Joseph Matal
Associate Solicitor